JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

OCT -5 1989

PATRICIA D. HOWARD
CLERK OF THE PANEL

DOCKET NO. 813

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE NATIONAL ASSOCIATION OF ATTORNEYS GENERAL AIR TRAVEL INDUSTRY ENFORCEMENT GUIDELINES LITIGATION

ORDER DENYING TRANSFER

This litigation presently consists of six actions pending in three federal districts:  three actions in the Southern District of New York, two actions in the Western District of Texas and one action in the District of Kansas. Before the Panel is a motion by Pan American World Airways, Inc. (Pan Am) and Trans World Airlines, Inc. (TWA) to centralize the actions, pursuant to 28 U.S.C. §1407, in the Western District of Texas for coordinated or consolidated pretrial proceedings.[1]   Thirty-four states that are parties in one or more actions in this litigation oppose transfer.

On the basis of the papers filed and the hearing held, the Panel finds that centralization would not necessarily serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. Although we recognize that the actions in this litigation may involve some common questions of fact, we are not persuaded that these common questions of fact will predominate over individual questions of fact pertaining to various states' deceptive advertising claims. We find that the primary common thread in this litigation pertains to legal questions raised by the airline parties' defenses to the deceptive advertising claims. In these circumstances, the Panel concludes that Section 1407 transfer is not warranted. See In re Airline "Age of Employee" Employment Practices Litigation, 483 F.Supp. 814, 816-17 (J.P.M.L. 1980); In re Environmental Protection Agency Pesticide Listing Confidentiality Litigation, 434 F.Supp. 1235, 1236 (J.P.M.L. 1977).

Pan Am and TWA have also moved for imposition by the Panel of sanctions, pursuant to Fed.R.Civ.P. 11, against Texas, its attorney general, and the assistant attorney general representing Texas in this litigation. On the basis of the papers filed,[2] we are not persuaded that the imposition of sanctions is warranted, and we therefore deny the Rule 11 motion.

---

[1]  The Section 1407 motion included one additional action -- People of the State of California v. Trans World Airlines, Inc., S.D. California, C.A. No. 89-00538-G(CM) -- that was remanded to California state court by order of Judge Carl B. Gilliam entered on September 13, 1989. Therefore the question of including this action in Section 1407 proceedings is now moot.

[2]  The Panel has deemed this motion submitted on the basis of the papers filed. See Rule 16(b), R.P.J.P.M.L., 120 F.R.D. 251, 261 (1988).

-2-

IT IS THEREFORE ORDERED that the motion for transfer pursuant to 28 U.S.C. §1407 of the actions listed on the attached Schedule A be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that the motion for sanctions pursuant to Fed.R.Civ.P. 11 be, and the same hereby is, DENIED.

FOR THE PANEL:

Andrew A. Caffrey
Chairman

SCHEDULE A

MDL-813 -- In re National Association of Attorneys General Air Travel
           Industry Enforcement Guidelines Litigation

### Southern District of New York

The People of the State of New York v. Trans World Airlines,
Inc., C.A. No. 89 Civ 2298 (RWS)
Pan American World Airways, Inc. v. Robert Abrams, C.A. No. 89 Civ
2425 (RWS)
The People of the State of New York v. Pan American World
Airways, Inc., C.A. No. 89 Civ 2867

### District of Kansas

State of Kansas, ex rel. Robert T. Stephan v. Trans World
Airlines, Inc., C.A. No. 89-4080-S

### Western District of Texas

Trans World Airlines, Inc., et al. v. Jim Mattox, et al., C.A. No.
A-89-CA-0067
State of Texas v. Pan American World Airways, Inc., C.A. No.
W-89-CA-136